UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NATHAN E. SMITH, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00027-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Nathan E. Smith, Jr's "motion for equitable tolling to file 28 U.S.C. § 2255 motion," which the Court will construe as a motion for an extension of time to file a § 2255 motion to vacate, set aside, or correct sentence. The motion will be denied.

On June 11, 2019 a grand jury in the Eastern District of Missouri returned a four-count indictment against movant Nathan E. Smith, Jr. Count 1 charged movant with felon in possession of a firearm. Counts 2 and 3 charged movant with possession with intent to distribute methamphetamine and cocaine. And, Count 4 charged movant with possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Smith*, No. 1:19-cr-115-SNLJ-1. Movant pled guilty to Counts 2-4 on October 8, 2019. On January 16, 2020, he was sentenced to an aggregate term of 200 months' imprisonment and four years' supervised release. Movant did not appeal his conviction and sentence.

In the instant motion, movant seeks an extension of time to file his motion to vacate his conviction and sentence, brought pursuant to 28 U.S.C. § 2255. The one-year limitation period for filing a § 2255 begins to run on the date on which the judgment challenged becomes final. In this

1

case, the movant's judgment became final on January 30, 2020, which is fourteen days after the judgment was entered on January 16, 2020. *See* Fed. R. App. Proc. 4(b)(1).

Movant's statute of limitations to file his motion to vacate expired on January 30, 2021. He placed his motion for extension of time in the prison mailing system on February 4, 2024. Thus, at the time he wrote his motion, his statute of limitations had been expired for three years.

In his motion, defendant seeks to have the statute of limitations tolled for the period that his facility, FCI Beckley, was on lockdown for COVID-19. He states that the emergency of the COVID-19 pandemic was ended by the Biden administration in approximately April 2023.

The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) may be tolled if a movant demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Howard v. U.S.*, No. 4:20-cv-1632-JAR, 2021 WL 409841 (E.D. Mo. Feb. 5, 2021) (quoting *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). "Application of equitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* (internal quotations omitted).

This Court has addressed whether the COVID-19 pandemic may, in certain circumstances, warrant equitable tolling for § 2255 motions. *Id.* The Court concluded that the COVID-19

2

pandemic might warrant tolling if the defendant had been pursuing his rights diligently and would have timely filed if not for external obstacles caused by COVID-19. *Id.* at *3 (examining other district court cases). "The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Id.* Notably, *Howard v. United States* was decided on February 5, 2021, three years before movant in this case sought equitable tolling on the basis of COVID-19. The Court found no basis for equitable tolling in *Howard* because movant had not established that he was pursuing his rights diligently. *Id.*

Here, movant did not file his motion until February 12, 2024. He states that FCI Beckley "has also been on lock-down status more often than not due to Covid and other non-Covid security concerns." But movant has not shown he diligently pursued his right to file his §2255 motion. He does not cite to any effort he made after his judgment but before February 12, 2024 to pursue his rights. Even if the Court were to assume that movant could not have pursued his rights until after the Biden administration ended the emergency of the pandemic in April 2023, as movant suggests, he still waited another ten months to seek to file his § 2255 motion.

Furthermore, to the extent the law library was unavailable, courts have consistently held that this is not an "extraordinary circumstance" preventing a movant from timely filing his § 2255 motion. *Id.* at *4. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id.* (quoting *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)).

3

Here, movant has not shown that he took any action to diligently pursue his rights to file his § 2255 motion and he has not established any extraordinary circumstance that prevented him from timely filing the motion. The Court concludes there is no basis to invoke equitable tolling. As a result, movant's motion for an extension of time to file his § 2255 motion is denied and this action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's "motion for equitable tolling to file 28 U.S.C. § 2255," which the Court construes as a motion for an extension of time to file a § 2255 motion to vacate, set aside, or correct sentence, is **DENIED and DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of March, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE